IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Temeka Hutchinson,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Experian Information Solutions, Inc.,<br>Mid-Atlantic Finance Co., Inc.,<br>CarMax Enterprises Services, LLC,<br>The Bank of Missouri, and<br>National Credit Adjusters, LLC,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, TEMEKA HUTCHINSON, BY AND THROUGH COUNSEL, JACK MORRIS DOWNIE, ESQ., and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the city of Bainbridge, Decatur County, Georgia.

4. Venue is proper in the Middle District of Georgia, Athens Division.

## PARTIES

5. Plaintiff is a natural person residing in the city of Bainbridge, Decatur County, Georgia.

6. The Defendant to this lawsuit is:

   a. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Georgia;

   b. Mid-Atlantic Finance Co., Inc. ("Mid-Atlantic") is a foreign corporation that conducts business in the State of Georgia;

   c. CarMax Enterprises Services, LLC ("CarMax") is a foreign limited liability company that conducts business in the State of Georgia;

   d. The Bank of Missouri ("TBOM") is a foreign bank that conducts business in the State of Georgia; and

   e. National Credit Adjusters, LLC ("NCA") is a foreign limited liability company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. Mid-Atlantic, CarMax, TBOM, and NCA (collectively, "Furnishers") are reporting bogus tradelines on Plaintiff's Experian credit disclosure.

8. The accounts reflected by the Bogus Tradeline does not belong to Plaintiff as his file has been was mismerged with someone with a similar name or Social Security Number. Plaintiff has never done business with the reported bogus tradelines.

9. On August 3, 2022, Plaintiff obtained her Experian credit disclosure and noticed the Bogus Tradelines reporting.

10. On August 22, 2022, Plaintiff, through Credit Repair Lawyers of America, submitted a letter to Experian disputing the Bogus Tradelines.  The letter was received by Experian on or about September 3, 2022.

11. In her letter, Plaintiff explained that the account reflected by the Bogus Tradelines does not belong to her as his file was mismerged to someone with a similar name or Social Security Number. She asked Experian to delete the Bogus Tradelines.

12. Experian forwarded Plaintiff's consumer dispute to the furnishers.

13. The furnishers received Plaintiff's consumer dispute from Experian.

14. On October 9, 2022, Plaintiff obtained her credit disclosure from Experian, which showed that Experian and the furnishers failed or refused to delete the Bogus Tradelines.

15. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff suffered stress, shock, depression, agitation, nervousness, anger, panic attacks, crying spells, and embarrassment due along with loss of sleep, inability to concentrate, diminished work capacity, pain, headaches, restlessness/discomfort, weight loss and gain, nausea, nightmares, fight with her spouse, and dizziness to each Defendants' failure to remove these Bogus Tradelines in her credit file.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MID-ATLANTIC FINANCE CO., INC.**

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed of Plaintiff's consumer dispute regarding the bogus tradeline, Mid-Atlantic negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

18. Mid-Atlantic negligently failed to review all relevant information available to it and provided in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to provide the client's credit reports.

19. The Bogus Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

20. As a direct and proximate cause of Mid-Atlantic's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. Mid-Atlantic is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Plaintiff has a private right of action to assert claims against Mid-Atlantic arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Mid-Atlantic for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MID-ATLANTIC FINANCE CO., INC.**

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed that Plaintiff disputed the accuracy of the information it was providing, Mid-Atlantic willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to provide the client's credit report as requested.

25. Mid-Atlantic willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of Mid-Atlantic's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. Mid-Atlantic is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Mid-Atlantic for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CARMAX ENTERPRISES SERVICES, LLC**

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed of Plaintiff's consumer dispute regarding the bogus tradeline, CarMax negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

30. CarMax negligently failed to review all relevant information available to it and provided in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to provide the client's credit reports.

31. The Bogus Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

32. As a direct and proximate cause of CarMax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. CarMax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Plaintiff has a private right of action to assert claims against CarMax arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against Defendant CarMax for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CARMAX ENTERPRISES SERVICES, LLC**

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed that Plaintiff disputed the accuracy of the information it was providing, CarMax willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to provide the client's credit report as requested.

37. CarMax willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of CarMax's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. CarMax is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable

attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant CarMax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY THE BANK OF MISSOURI

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed of Plaintiff's consumer dispute regarding the bogus tradeline, TBOM negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

42. TBOM negligently failed to review all relevant information available to it and provided in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to provide the client's credit reports.

43. The Bogus Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

44. As a direct and proximate cause of TBOM's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

45. TBOM is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

46. Plaintiff has a private right of action to assert claims against TBOM arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant TBOM for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY THE BANK OF MISSOURI**

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. After being informed that Plaintiff disputed the accuracy of the information it was providing, TBOM willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to provide the client's credit report as requested.

49. TBOM willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

50. As a direct and proximate cause of TBOM's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

51. TBOM is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant TBOM for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIUONAL CREDIT ADJUSTERS, LLC**

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. After being informed of Plaintiff's consumer dispute regarding the bogus tradeline, NCA negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

54. NCA negligently failed to review all relevant information available to it and provided in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to provide the client's credit reports.

55. The Bogus Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

56. As a direct and proximate cause of NCA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

57. NCA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

58. Plaintiff has a private right of action to assert claims against NCA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant NCA for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONAL CREDIT ADJUSTERS, LLC

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. After being informed that Plaintiff disputed the accuracy of the information it was providing, NCA willfully failed to conduct a proper reinvestigation of

Plaintiff's dispute, and willfully failed to provide the client's credit report as requested.

61. NCA willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

62. As a direct and proximate cause of NCA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

63. NCA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant NCA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

64. Plaintiff realleges the above paragraphs as if recited verbatim.

65. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

68. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

69. Experian negligently failed to maintain and/or reasonable procedures to assure maximum possible accuracy of the information it reported to one or

more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

70. After receiving Plaintiff's consumer dispute to the Bogus Tradelines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

72. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT X

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

73. Plaintiff realleges the above paragraphs as if recited verbatim.

74. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

75. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

76. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

77. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

78. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

79. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 26, 2022

By: ***/s/ Jack Morris Downie***
Jack Morris Downie
Bar Number 813753
PO Box 926,
Vidalia, GA 30475
Telephone: (470) 588-3582
Facsimile: (912) 538-8806
E-Mail: jack@downielaw.net
*Attorneys for Plaintiff,*
*Temeka Hutchinson*
